UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Eric Brantley,                                              Case No. 1:16-cv-0200

             Petitioner

       v.                                                    MEMORANDUM OPINION
                                                    AND ORDER

Brigham Sloan, *et al.*,

             Respondents

*Pro se* petitioner Eric Brantley, who was convicted of robbery in 2014 in the Lorain County Court of Common Pleas, has filed an "Emergency Petition under 28 U.S.C. § 2254" demanding instant release from prison on the basis that the trial court violated his constitutional rights. For the reasons stated below, his petition is dismissed.

District courts have a duty to screen habeas corpus petitions and dismiss any petition when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

It is evident from the face of the petition that the petitioner is not entitled to habeas relief in federal district court at this time. An application for a writ of habeas corpus under § 2254 "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b). Exhaustion is "satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

1

The petitioner's application and the public docket of the Ohio Supreme Court indicate that petitioner's appeal to the Ohio Supreme Court raising his present claims is still pending. Accordingly, regardless of the merits of the petitioner's claims, his present habeas petition is unexhausted and I am dismissing the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases without prejudice to re-filing upon full exhaustion of state remedies. I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge