IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC L. BRANTLEY, SR., | ) | CASE NO. 1:16CV00200 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| BRIGHAM SLOAN, Warden | ) | |
| | ) | |
| | ) | |
| | ) | **REPORT AND** |
| Respondent. | ) | **RECOMMENDATION** |

This matter has been referred to the undersigned United States Magistrate Judge for preparation of a Report and Recommendation pursuant to Local Rule 72.2(b)(2). Before the Court is Respondent Brigham Sloan's unopposed motion to dismiss Petitioner Eric L. Brantley, Sr.'s Petition for the Writ of Habeas Corpus. (Doc. No. 18). Respondent asserts that the Petition, which challenges Respondent's calculation of jail time credit, is moot because Petitioner has been released from custody. For the reasons that follow, it is recommended that the motion be GRANTED.

## I. Background

### A. State Court Proceedings

On January 22, 2014, a Lorain County Grand Jury charged Petitioner with one count of robbery. (Exhibit 3, Doc. No. 18-1 at 9). On June 26, 2014, Petitioner entered a plea of guilty, and he was sentenced to two years incarceration and three years mandatory post-release control.

(Exhibit 5, Doc. No. 18-1 at 12; Exhibit 6, Doc. No. 18-1 at 16). The Judgment of Conviction indicated that Petitioner may be eligible for "earned credits" while in prison that could reduce his sentence by up to 8%. (Exhibit 6, Doc. No. 18-1 at 16). Petitioner did not seek a direct appeal of his conviction or sentence.

On August 1, 2014, Petitioner filed a *pro se* motion to correct calculation of jail time credit in the trial court. (Exhibit 7, Doc. No. 18-1 at 18). Petitioner asserted that although he had been granted a personal bond, he was never released from the county jail. He argued that he should have been credited for time during which he was detained, from November 20, 2013 to July 7, 2014. (*Id.*). On September 11, 2014, the court denied the motion. (Exhibit 8, Doc. 18-1 at 20).

On March 26, 2015, Petitioner filed a second motion to correct calculation of jail-time credit. (Exhibit 9, Doc. No. 18-1 at 21). An attached booking log shows that his bond status changed from "active" to "posted" on December 30, 2013, but he remained detained in the Lorain County jail until June 30, 2014. (Doc. No. 18-1 at 24). Petitioner argued he was entitled to credit for November 20, 2013 to June 30, 2014. (Exhibit 9, Doc. 18-1 at ). On March 30, 2015, the court issued an order granting Petitioner forty-two (42) days of jail time credit for November 20, 2013 through December 30, 2013 and for July 8, 2014. (Exhibit 10, Doc. 18-1 at 26).

On August 14, 2015, Petitioner filed a third motion to correct jail-time credit, claiming he was entitled to another 180 days credit. (Exhibit 11, Doc. No. 18-1 at 27). On September 1, 2015, the court denied the motion, finding that:

> The Lorain County Sheriff's Department calculated Defendant's jail credit based on his release on a personal bond on December 30, 2013. However, Defendant remained

>   subject to a hold due to a probation violation in [a different case] Case No. 09CR0790939. Therefore, Defendant was not being held at LCCF on the 13CR088401 case.

(Exhibit 12, Doc. No. 18-1 at 33).

Petitioner appealed *pro se* to the Ninth District Court of Appeals, raising a single assignment of error – that the "trial court erred by denying Appellant's request to re-calculate jail-time credit since Appellant was never released from custody." (Exhibit 13, Doc. No. 18-1 at 39). On October 21, 2015, the court of appeals concluded that it lacked jurisdiction. The court reasoned that a motion for jail time credit amounts to a "nullity," because it is essentially a motion to reconsider a sentencing order. The court concluded that the order denying the motion for jail time credit was not a final appealable order, and the appeal was dismissed. (Exhibit 16, Doc. 18-1 at 49).

Petitioner moved for reconsideration and for certification of a conflict between the Ninth District Court of Appeals' decision and a Fifth District decision, *State v. McClain*, 2008-Ohio-481. (Exhibit 17, Doc. No. 18-1 at 51). On December 28, 2015, Petitioner's motions were denied. (Exhibit 18, Doc. 18-1 at 52).

Petitioner, again appearing *pro se*, filed a timely appeal to the Ohio Supreme Court. (Exhibit 20, Doc. 18-1 at 55). He filed an emergency motion to stay asserting a "false imprisonment alert" and maintaining that he should have been released from custody in December 2015. (Exhibit 21, Doc. 18-1 at 58). The Court denied the emergency motion. (Exhibit 22, Doc. 18-1 at 72). In his memorandum in support of jurisdiction, Petitioner asserted the following proposition of law:

3

>Appellant's U.S. Constitutional rights to due process and equal protection is being violated by the trial court refusing to grant JTC, while the Court of Appeal's sua dismissed for jurisdiction & final appealable order issues. [sic].

(Exhibit 23, Doc. 18-1 at 74).

On April 20, 2016, the Ohio Supreme Court declined jurisdiction pursuant to S.Ct.Prac.R. 7.08(B)(4). (Exhibit 25, Doc. 18-1 at 86).

### B.     Proceedings in this Court

On January 25, 2016, while proceedings were ongoing in the state system, Petitioner filed his Petition for the Writ of Habeas Corpus in this Court, asserting a single ground for relief:

>GROUND ONE: Eric L. Brantley, Sr.'s U.S. Constitutional right to Equal Protection Clause violation (Failure to credit time served). Eric had attached Lorain County Sheriff's office booking log confirming he was detained. *White v. Gilligan* (S.D. Ohio, 1972, 351 F.Supp. 1012). "False Imprisonment Alert" should have been out 11/25/15.

(Doc. 1 at 5).

On March 14, 2016, the Court concluded that Petitioner had failed to exhaust state court remedies. (Doc. No. 6). Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Petition was dismissed without prejudice to refile upon full exhaustion of state remedies. (Doc. No. 6). On March 28, 2016, Petitioner filed a motion for relief from judgment, arguing that it would be futile for him to exhaust his state remedies, because his term of incarceration was about to expire. (Doc. No. 8). The Court issued an order denying the motion on April 11, 2016. (Doc. No. 9).

On May 11, 2016, Petitioner filed a motion to reopen this matter on the representation that he had exhausted his state court remedies. (Doc. No. 11). On May 27, 2016, the case was reopened. On June 2, 2016, the Court issued an order directing Respondent to file an answer to the petition within 60 days. (Doc. No. 12, 13). A copy of the Court's order which was mailed to

4

Petitioner was returned undeliverable with the notation that Petitioner had been "released/paroled." (Doc. No. 14). And, the Ohio Department of Rehabilitation and Correction website shows that on May 25, 2016, Petitioner was released from prison. (Doc. No. 18-1 at 4).

On September 15, 2016, Respondent filed a motion to dismiss the Petition on the ground that it was moot. (Doc. No. 18). Petitioner did not respond to Respondent's motion.

## II. Law and Argument

Respondent argues that the Petition, which challenges the calculation of jail time credit, is moot because Petitioner is no longer in custody. Respondent accordingly maintains that his matter should be dismissed for lack of jurisdiction.

Federal courts may entertain a habeas corpus petition only if the petitioner is "in custody pursuant to the judgment of a State court" and claims to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has interpreted the "in custody" requirement to mean "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

The Supreme Court has held that a pending habeas petition is not mooted by a petitioner's release from prison where collateral consequences of conviction exist. *Carafas*, 391 U.S. at 237-38. A court may "presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur)." *Spencer v. Kemna*, 523 U.S. 1, 8 (1998). For example, a habeas petitioner often "cannot engage in certain businesses; he cannot serve as an official of a

5

labor union for a specified period of time; he cannot vote in any election . . . ; he cannot serve as a juror." *Carafas*, 391 U.S. at 237.

The rule is different, however, where a habeas petitioner is attacking his *sentence* rather than the conviction. "Post-release habeas petitions challenging the conditions of confinement are almost necessarily moot, for courts normally cannot offer any habeas redress in such circumstances." *Gentry*, 456 F.3d at 694. The Supreme Court has observed,

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained.

*Spencer*, 523 U.S. at 7 (citation omitted).

The matter before the Court no longer presents an active case or controversy. Petitioner's term of incarceration has expired, and he has been released.[1] Petitioner does not challenge his conviction. Rather, he attacks the length of his sentence by asserting that his rights under the Equal Protection Clause were violated when Respondent incorrectly calculated his jail time credit. Now that Petitioner has been released, it is "impossible for the court to grant any effectual relief" in relation to the calculation of jail time credit. *See Church of Scientology v. United States*, 506 U.S. 9, 12 (1992). In addition, there are no collateral consequences here in

---

[1] There is no dispute that Petitioner has been released from custody. In March 2016, Petitioner represented to the Court that his prison term was about to expire (Doc. No. 8); Respondent has provided evidence from the ODRC's website which shows that Petitioner was released on May 25, 2016 (Doc. 18-1 at 4); and Court orders delivered by U.S. Mail to Lake Erie Correctional facility where Petitioner was incarcerated were returned as undeliverable with the notation that Petitioner had been released. (Doc. 14, 17).

6

relation to the calculation of jail time credit. *See Patterson v. Smith*, Case No. 5:10 CV 1825, 2011 WL 2144561, at *2 (N.D. Ohio May 31, 2011) (Zouhary, J.) ("The calculation of jail time credit to a sentence already served is not a collateral consequence"). And, Petitioner does not challenge the validity of post-release control. *See id.* ("Petitioner's post-release control status is irrelevant because the length of his sentence of imprisonment does not influence the length of his post-release control."). Because there is "no concrete and continuing injury other than the now-ended incarceration," the Court can no longer maintain jurisdiction over this matter. *See Spencer*, 523 U.S. at 7. Thus, this matter should be dismissed.[2]

//

//

//

---

[2] Respondent alternatively maintains that the Petition should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) because Petitioner failed to update his address with the Court.

In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, the Court considers four factors: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir.1998). Although typically none of the factors is outcome dispositive, a case is properly dismissed where there is a clear record of delay or contumacious conduct. *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980).

Respondent fails to address the standard for failure to prosecute. Instead, Respondent seems to propose a *per se* rule that a plaintiff's failure to update his address should result in dismissal without regard to the above factors. Respondent cites no law to support this specific proposition, and the Court rejects it.

7

### III. Conclusion

For the foregoing reasons, it is recommended that the Respondent's motion to dismiss be GRANTED and this matter be dismissed with prejudice.

Date:   February 8, 2017                                    *s/Jonathan D. Greenberg*
                                                            Jonathan D. Greenberg
                                                            United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.**  *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**